# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

UNITED SPECIALTY INSURANCE COMPANY,
and CENTURY SURETY COMPANY,

Plaintiffs,

CASE NO.:

v.

WALLICE PLUMBING, INC., JOHN H. OWOC
as Trustee of the JOHN H. OWOC REVOCABLE
TRUST, and JOHN OWOC and MEGAN OWOC
individually and as parents and natural guardians of
minor children A.O., C.O., A.O., C.O. and C.O.,

Defendants.
_____/

## PLAINTIFFS' CORPORATE DISCLOSURE STATEMENT

Plaintiffs, UNITED SPECIALTY INSURANCE COMPANY ("UNITED SPECIALTY") and CENTURY SURETY COMPANY ("CENTURY"), by and through undersigned counsel and pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, respectfully submits this Corporate Disclosures Statement and states the following:

1. **If the filer is a nongovernmental corporate party or a nongovernmental corporation that seeks to intervene, identify any parent corporation and any publicly held corporation owning 10% or more of its stock or state there is no such corporation:**

    A.  United Specialty Insurance Company certifies that it is a nongovernmental corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas and submits the following statement of its corporate interests and affiliations: United Specialty Insurance Company is wholly-owned by State National Insurance Company, which is a corporation organized and existing under the laws of the State of Texas with its principal place of business in Texas. State National Insurance Company is wholly-owned by Markel Corporation, which was incorporated in the State of Virginia with its principal place of business in Virginia. Markel Corporation is a publicly traded corporation on the New York Stock Exchange under the symbol MKL. (Plaintiff).

      B.      Century Surety Company certifies that it is a nongovernmental corporation organized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan and submits the following statement of its corporate interests and affiliations: Century is a wholly-owned subsidiary of Star Insurance Company. Star Insurance Company is domiciled in Michigan with its principal place of business in Michigan. Star is wholly-owned by AmeriTrust Group, Inc. ("AGI"). AGI is domiciled in Michigan with its principal place of business in Michigan. AGI is wholly-owned by Miracle Nova II, LLC. Miracle Nova II, LLC is domiciled in Delaware with its principal place of business in Delaware. Miracle Nova II, LLC is wholly-owned by Miracle Nova I, LLC. Miracle Nova I, LLC is domiciled in Delaware with its principal place of business in Delaware. Miracle Nova I, LLC is wholly-owned by Accident Fund Insurance Company of America ("AFICA"). AFICA is domiciled in Michigan with its principal place of business in Michigan. AFIC is wholly-owned by Accident Fund Holdings, Inc. ("AFHI"). AFHI, doing business as AF Group, is domiciled in Michigan with its principal place of business in Michigan. AFHI is a wholly-owned subsidiary of Emergent Holdings, Inc. ("EMHI"). EMHI is domiciled in Michigan with its principal place of business in Michigan. EMHI is a wholly-owned subsidiary of Blue Cross Blue Shield of Michigan Mutual Insurance Company ("BCBSMI"). BCBSMI is a non-profit mutual disability insurer domiciled in Michigan with its principal place of business in Michigan. (Plaintiff)

2. **If this is an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), name and identify the citizenship of every individual or entity whose citizenship is attributed to the filing party or intervener: [To identify the citizenship of a partnership, LLC, or other unincorporated entity, a party must list the citizenships of all members or partners of that entity.[1]]**

      A.      United Specialty Insurance Company is organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas.

      B.      Century Surety Company is organized and existing under the laws of the State of Ohio with its principal place of business in the State of Michigan.

3. **Identify each person—including each lawyer, association, firm, partnership, corporation, limited liability company, subsidiary, conglomerate, affiliate, member,**

---

[1] See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of partners or members there may be. See Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1220 (11th Cir. 2017); D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125-27 (1st Cir. 2011).

**and other identifiable and related legal entity—that has or might have an interest in the outcome:**

    A.    United Specialty Insurance Company (Plaintiff)

    B.    Century Surety Company (Plaintiff)

    C.    Wallice Plumbing, Inc. (Defendant / Insured).

    D.    John H. Owoc, as Trustee of the John H. Owoc Revocable Trust (Defendant).

    E.    John Owoc (Defendant).

    F.    Megan Owoc (Defendant).

    G.    John Owoc and Megan Owoc as parents and natural guardians of minor children, A.O., C.O., A.O., C.O. and C.O. (Defendant).

    H.    Kimberly N. Ramey, Esq., Butler Weihmuller Katz Craig LLP (Attorney for Plaintiffs).

    I.    Kyle J. Goss, Esq., Butler Weihmuller Katz Craig LLP (Attorney for Plaintiffs).

    J.    Gary F. Baumann, Esq., Law Offices of Baumann, Gant & Keeley, P.A. (Attorney for Defendant / Insured).

    K.    Peri Rose Huston-Miller, Esq., Law Offices of Baumann, Gant & Keeley, P.A. (Attorney for Defendant / Insured).

    L.    Robert J. McKee, Esq., The McKee Law Group, LLC (Attorney for Defendants).

**4. Identify each entity with publicly traded shares or debt potentially affected by the outcome:**

    A.    None known at this time.

**5. Identify each additional entity likely to actively participate, including in a bankruptcy proceeding the debtor and each member of the creditors' committee:**

    A.    None known at this time.

I hereby certify that, except as disclosed above, I am unaware of any actual or potential conflict of interest involving the district judge and magistrate judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.
Florida Bar No.: 0044033
kramey@butler.legal
Secondary:   dabramson@butler.legal;
             vturner@butler.legal
KYLE J. GOSS, ESQ.
Florida Bar No.: 1002414
kgoss@butler.legal
Secondary:   dabramson@butler.legal;
             emiller@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that a true and copy of the foregoing was electronically filed with the Clerk of Court and served on all counsel of record via the CM/ECF system on June 24, 2025.

s/Kimberly N. Ramey
KIMBERLY N. RAMEY, ESQ.